IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY INDUSTRIES OF | § | |
| SOUTH FLORIDA, INC., d/b/a | § | |
| GALLERY INDUSTRIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2499-L |
| | § | |
| JC PENNEY COMPANY, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are (1) Plaintiff's Motion to Dismiss Counterclaims Pursuant to F.R.C.P. 12(b)(6), filed September 25, 2006; and (2) Defendants' Motion for Partial Summary Judgment, filed March 30, 2007. After careful consideration of the motions, responses, supplemental brief, record and applicable law, the court **grants** Plaintiff's Motion to Dismiss Counterclaims Pursuant to F.R.C.P. 12(b)(6) and **denies** Defendants' Motion for Partial Summary Judgment.

## I.      Procedural and Factual Background

Plaintiff Stanley Industries of South Florida, Inc. d/b/a Gallery Industries ("Gallery" or "Plaintiff") filed this action on December 22, 2005. Gallery alleges that Defendants J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. (collectively "Penney" or "Defendants") breached a contract entered into between the parties by refusing to pay the full amount for clothing Penney

ordered from it.  Gallery also sues for action for the price, fraud, negligent misrepresentation, and *quantum meruit.*[1]

Gallery, a Florida corporation, manufactures men, women and children's clothing.  In March 1997, Gallery executed a contract with Penney to sell apparel to it.  Compl. ¶ 7.  The contract is known as an "Electronic Data Interchange Trading Partner Agreement" ("TPA").  *Id.*  Gallery contends that between 1997 and 2002, Penney engaged in a series of improper business practices aimed at gaining bargaining power over Gallery.  *Id.* ¶¶ 8-11.  Such alleged practices included numerous fraudulent "chargebacks" against Gallery, the cancellation or reduction of previously agreed upon purchases and "open orders," and the extraction of "monetary support for profit margins" from Gallery.  *Id.* ¶ 9.

Defendants and Counter-Plaintiffs have brought counterclaims against Gallery, alleging that Penney and Gallery entered into a series of contracts, including the TPA, and that Gallery breached the contracts by failing to delivery acceptable merchandise, failing to allow Penney to charge it chargebacks for certain merchandise, and that Gallery failed to conduct business electronically.[2] Countercl. ¶¶ 1-4, 7, 9-10, 13.

Gallery moved to dismiss all four claims alleged in the counterclaims, arguing that they fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure or that Penney's "claims" are mischaracterized by Penney and do not actually seek any relief.  Penney moved for partial summary judgment, arguing that Gallery's claim for action for the price should be dismissed.

---

[1]This court dismissed Plaintiff's claim for usury by a memorandum opinion and order dated August 18, 2006.

[2]Although Penney alleges that an exhibit was attached to its counterclaim showing "a true and correct copy of these agreements," there was no exhibit attached to the counterclaim filed with the court.

**Memorandum Opinion and Order - Page 2**

On May 15, 2007, Penney moved to dismiss counts 1, 2, and 4 of its counterclaim and the court granted the motion. Accordingly, Gallery's motion to dismiss is now limited to count 3 of Penney's counterclaim. The court now considers the motions.

## II.   Legal Standards

### A.   Rule 12(b)(6) - Standard for Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to

[the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.  *Lowrey*, 117 F.3d at 247.  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.    Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment.

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

III.    Analysis

    A.    Gallery's Motion to Dismiss the Counterclaims

Penney has one remaining counterclaim against Gallery, a claim for declaratory relief. Gallery argues that Penney's third claim is not a counterclaim and has been mischaracterized as such by Penney.   The court now considers Gallery's arguments with regard to Penney's claim for declaratory judgment.

Gallery moves to dismiss Penney's claim for declaratory relief, arguing that Penney has not established that there is a "case or controversy" and the court is without jurisdiction to hear the claim.   Penney's claim for declaratory relief seeks a declaration that Penney has fulfilled its obligations under the TPA and that Gallery has duties to make certain payments to Penney. Countercl. ¶ 20.

The Declaratory Judgment Act provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  As the Fifth Circuit has stated:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.  Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties.  The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred.  Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.  Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if

> unaccompanied by any continuing, present adverse effects. To obtain
> equitable relief for past wrongs, a plaintiff must demonstrate either
> continuing harm or a real and immediate threat of repeated injury in
> the future. Similar reasoning has been applied to suits for declaratory
> judgments.

*Bauer v. State of Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal citations and punctuation omitted).

Here, Penney has not alleged any future harm that would warrant this court issuing declaratory relief regarding the parties' rights under the TPA. As there is no live case or controversy for this court to resolve, declaratory judgment would therefore be inappropriate. *Bauer*, 341 F.3d at 358 (and cases cited therein). Accordingly, the court **grants** Gallery's motion to dismiss Penney's third claim for declaratory relief.

### B.    Penney's Motion for Partial Summary Judgment

Penney moves for summary dismissal of Gallery's claim for "Action on the Price," Compl. ¶¶ 20-21, arguing that there are no disputed facts as to this claim. Penney's argument, though, relies upon the interpretation of the certain contracts, and Penney asserts that any chargebacks charged to Gallery by Penney were warranted under the TPA. Penney does not attach any documents other than the TPA; no affidavits, other documents, deposition transcripts, or other discovery were included or attached to its motion. Gallery argues that material fact issues remain, and provides the affidavit of Robert M. Alexander, as well as documents attached to and described in his affidavit.

Penney's argument appears to be that the terms of the TPA, as a matter of law, defeat Gallery's claims of unwarranted chargebacks. Penney's brief repeatedly refers to clauses that it describes as being part of the TPA; the TPA itself simply describes methods of electronic communication between Penney and Gallery. The terms cited by Penney are terms that are outlined

in an attachment to the TPA entitled, "Terms and Conditions of Penney's Standard Domestic Wholesale Contract/Listing Sheet Forms, Penney Form Nos. JCP-6698 and DP-9741 [Revised July 1, 1996]" (hereinafter, "Wholesale Contract").  The TPA itself notes the limited nature of that contract: to "facilitate purchase and sale transactions ("Transactions") by electronically transmitting and receiving data in agreed forms in substitution for conventional paper-based documents and to assure that these Transactions are legally valid and enforceable." TPA, at 1 (Preliminary Statement). The TPA notes that it

> is to be considered part of any other written agreement referencing it or referenced in the Appendix under the heading 'EXISTING AGREEMENT/TERMS AND CONDITIONS'.  It is expressly understood by the parties that nothing in this Agreement [i.e., the TPA] supersedes any written agreement entered into by the parties on the forms referenced in the Appendix and any modification to this or those agreements must be approved by the parties in writing.

TPA, § 3.1, at 2-3.  Accordingly, the TPA acknowledges that the Wholesale Contract is a separate agreement that the parties would enter into separately.  *Id*.  The TPA itself notes that its terms are to be considered part of the Wholesale Contract, but not that the terms of the Wholesale Contract are part of the TPA.  The TPA presented by Penney is signed by both Penney and Gallery, but there is no evidence of any signed Wholesale Contract between Penney and Gallery.  The affidavit provided by Gallery does provide evidence that Penney and Gallery entered into contracts for goods, but that Penney did not provide a Wholesale Contract for each and every purchase it made from Gallery.  Alexander Aff. ¶ 7.

Penney's argument, therefore, that the terms of the Wholesale Contract legitimize all of the chargebacks complained about by Gallery is unavailing, especially in light of the fact that there were purchase agreements made without the Wholesale Contract and that there is no evidence before the

**Memorandum Opinion and Order - Page 8**

court that the alleged chargebacks fell into the limited circumstances where chargebacks were appropriate.  *See* Wholesale Contract, §§ 6-9, 11.  Penney has failed to establish that there is no genuine issue of material fact, and Gallery's proffered evidence does show that fact questions exist. For example, the Alexander affidavit provides proof that, according to Gallery, Penney failed to pay Gallery invoices when due, that Penney made chargebacks that were not authorized under the Wholesale Contract, and that Penney was using chargebacks to effect cost concessions not agreed to by Gallery.  Alexander Aff. ¶¶ 4, 10-11.

Given the limited record available to the court, the court concludes that Penney has failed to demonstrate that no genuine issue of fact exists as to Gallery's claim for "Action on the Price," and that Gallery has presented evidence establishing that fact issues remain.  Accordingly, the court cannot grant Penney's motion for summary judgment on this claim, and it is, therefore, **denied**.

## IV.     Conclusion

For the reasons stated herein, the court hereby **grants** Plaintiff's Motion to Dismiss Counterclaims Pursuant to F.R.C.P. 12(b)(6).  Accordingly, count 3 of Penney's counterclaim is **dismissed**.  As genuine issues of material fact exist, the court **denies** Defendants' Motion for Partial Summary Judgment.

**It is so ordered** this 16th day of May, 2007.

Sam A. Lindsay
United States District Judge